Deanna L. Forbush, Esq. (NSBN 6646)
Bert Wuester Jr., Esq. (NSBN 5556)
Colleen E. McCarty., Esq. (NSBN 13186)
**CLARK HILL PLLC**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Ph: (702) 862-8300
Fax: (702) 862-8400
email: DForbush@clarkhill.com
email: BWuester@clarkhill.com
email: Cmccarty@clarkhill.com
*Attorneys for Plaintiff*
*PLOT USA*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PLOT USA, Inc., a Domestic Limited Liability Company, | Case No.: 2:18-cv-00922-JAD-GWF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER RE: PROTECTION OF CONFIDENTIAL MATERIALS** |
| vs. | |
| TAKESHI "SEAN" HYAKAWA an individual, and YUKARI HIDAKA, an individual, | |
| Defendants. | |

WHEREAS, the parties to the above-captioned action contemplate engaging in discovery, which may include, among other things, taking depositions and producing documents;

WHEREAS, these discovery proceedings may involve the production of certain information that the parties (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial or business information; and

WHEREAS, certain of the Parties are engaged in proprietary activities and may be harmed if certain non-public personal, business or other sensitive confidential information or documents were disclosed publicly;

1    IT IS HEREBY STIPULATED by and between Plaintiff Plot USA, Inc. ("Plaintiff"),

2  by and through its counsel, Deanna L. Forbush, Esq., Bert Wuester, Jr., Esq. and Colleen E.

3  McCarty, Esq. of the law firm of Clark Hill PLLC, and Defendant Takeshi "Sean" Hayakawa

4  ("Defendant Hayakawa"), by and through his counsel Michael C. Mills, Esq. of the law firm of

5  Bauman Loewe Witt & Maxwell, PLLC and Michael N. Cohen, Esq. of the Cohen IP Law

6  Group, PC, as follows:

7

8    1.    Any party to this action may designate as "Confidential" any documents (and copies

9  thereof or other information furnished through agreement or discovery, and any such  materials

10  or information shall be deemed confidential and shall be delivered or given only to counsel for

11  the other parties hereto. Said counsel shall keep such documents and information confidential

12  to themselves and shall not further disseminate or disclose any such confidential documents or

13  information, except as hereinafter provided. The provisions of this Protective Order Re:

14  Confidential Materials (hereafter the "Order") shall be applicable to any abstracts, summaries

15  or similar materials prepared from, or based upon, such confidential documents or information.

16    2.    Documents and tangible things designated as "Confidential" shall be given a

17  stamped or typewritten indication to that effect.

18

19    3.    The disclosure of confidential documents or information may be made only to

20  individual parties, to current and former employees, officers or directors of parties in this

21  action, to inside or outside counsel, to persons employed by or associated with outside counsel,

22  including any expert witness(es) and/or experts retained or specially employed in anticipation

23  of litigation or preparation for trial, and to any employee or officer of an institutional party

24  specifically designated to assist outside counsel in this litigation and/or preparation for trial.

25

26    4.    Disclosure of confidential documents or information, whether by consent of counsel

27  for the producing party or pursuant to further Order of this Court, may be made only to: persons

28

actively involved in the preparation of trial, trial or settlement of this case, and may be used by the person to whom such disclosure is made only for those purposes, and not for any business, competitive, or other purpose.

5.      All persons, besides counsel for the parties, to whom confidential documents or information is given, shown, made available, or communicated shall execute an agreement, in the form attached hereto as Exhibit "A" not to disclose or use the information except in accordance with the terms of this Order.  It shall be the responsibility of counsel making such disclosure of confidential documents or information to secure, prior to making such disclosure, such an executed agreement from the person to whom disclosure is to be made, and to retain the original of such executed agreement pending further Order of this Court or final disposition of this action.

6.      Nothing contained herein shall preclude any party to this action from utilizing confidential documents or information in taking depositions which include any confidential documents, or materials as part of the exhibits to said deposition, and any corresponding videotape, shall be prepared with a designation, on the first page of the transcript and/or videotape, that the deposition contains confidential materials, and all copies of such confidential materials shall be kept and disseminated by any party to this action only in accordance with the terms of this Order. If during the course of any deposition in this matter, counsel for any party asserts that a question propounded to the deponent is based upon or derived from confidential documents or information, or that the deponent's answer to a question should be treated as confidential, the transcript containing said inquiry and the answer, and any corresponding videotape, shall be sealed and subject to disclosure only under the terms and provisions of this Order.

7.        No person shall attend those portions of any deposition at which confidential documents are utilized as exhibits, or when the examination is based upon confidential documents or information, unless such person has been authorized to receive disclosure of confidential documents or information pursuant to Paragraph 3 and 4 hereof. Any witness at any such deposition shall be required to sign the acknowledgment and agreement attached hereto as Exhibit "A" and shall not be allowed to remove from the place of deposition, hearing or trial copies of any confidential documents. In the event any witness refuses to execute the acknowledgment and agreement, the examination may nevertheless continue, and confidential documents or information may be employed in connection therewith, but the witness shall be provided with a copy of this Order and shall he advised that he or she is subject to sanctions to be imposed by this Court for his or her refusal

8.        Confidential documents or information may be filed with or presented to the Court, or may be included in, attached to, or discussed in briefs, memoranda or other papers filed with the Court, but, if so, they shall be filed in a sealed envelope bearing the caption of this case and the language, "This envelope, filed in this case by (name of party), is not to be opened nor the contents thereof revealed except by this Court, or by Order of the Court." Such documents so filed shall not be available for public inspection, but shall be retained by the Clerk as though under seal and shall not be made available to any person, except to a judge of this Court and to counsel for a party to this action, until further Order by this Court.

9.        Upon final determination of this entire action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any confidential information or documents, or copies thereof, and any summaries or extracts thereof, and copies of the agreements (Exhibit "A") executed by any persons to whom disclosure of confidential documents or information has been made, shall be returned or forwarded to the party producing

such confidential documents or information. If counsel for any party contends that summaries or extracts of confidential documents or information constitute, contain, or are contained in, materials which are the work product of counsel, such materials need not be returned, but counsel shall file with the Court a certification that all such materials, and any copies thereof, have been destroyed.

10.     In the event that any party to this action believes that materials or information designated as confidential by the party producing or furnishing it should not be treated as confidential or otherwise subject to the terms of this Protective Order, counsel shall so notify counsel for the party who made that designation of the objection in writing. If within ten (10) days after receipt of such notice, the party who designated the materials or information as confidential has not withdrawn that designation, or the issue has not otherwise been resolved by mutual agreement, the party objecting to the designation may apply to the Court for relief. The party who designated the material or information as confidential shall have the burden of proof (by a preponderance of evidence) in demonstrating that the material or information should remain confidential.

IT IS SO STIPULATED.

DATED this 19th day of July, 2018.                    DATED this 19th day of July, 2018.

**CLARK HILL PLLC**                                   **BAUMAN LOEWE WITT & MAXWELL, PLLC**

By: /s/: Colleen E. McCarty____
DEANNA L. FORBUSH, ESQ.                               By: /s/: Michael C. Mills____
Nevada Bar No. 6646                                   MICHAEL C. MILLS, ESQ.
BERT WUESTER JR., ESQ.                                Nevada Bar No. 0035334
Nevada Bar No. 5556                                   3650 N. Rancho Dr., Ste. 114
COLLEEN E. MCCARTY, ESQ.                              Las Vegas, Nevada 89130
Nevada Bar No. 13186                                  Email: mmillsblwmlawfim.com
3800 Howard Hughes Parkway, Suite 500                 *Attorneys for Defendant, Takeshi "Sean"*
Las Vegas, Nevada 89169                               *Hyakawa*
*Attorneys for Plaintiff PLOT USA*

DATED this 19th day of July, 2018.

**COHEN IP LAW GROUP, PC**

By: /s/: Michael Cohen_____
MICHAEL N. COHEN, ESQ.
LIAM M. MCNAMARA
9025 Wilshire Blvd., Ste. 301
Beverly Hills, CA 90211
Email: mcohencohenip.com
*Attorneys for Defendant, Takeshi "Sean"*
*Hyakawa*

**IT IS SO ORDERED.**

DATED this 20th day of July, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**

Respectfully Submitted.

**CLARK HILL PLLC**

By: /s/: Colleen E. McCarty
DEANNA L. FORBUSH, ESQ.
Nevada Bar No. 6646
BERT WUESTER JR., ESQ.
Nevada Bar No. 5556
COLLEEN E. MCCARTY, ESQ.
Nevada Bar No. 13186
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Attorneys for Plaintiff PLOT USA*