UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Plot USA, Inc., | Case No.: 2:18-cv-00922-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting in Part and Denying in Part Motion for Summary Judgment** |
| Takeshi Hyakawa[1] and Yukari Hidaka, | [ECF No. 91] |
| Defendants | |

    Last year, I granted plaintiff Plot USA, Inc. summary judgment on two of its claims—breach of contract and intentional interference with prospective economic advantage—against its former employee, defendant Takeshi Hyakawa. Plot USA then voluntarily dismissed its remaining claims against him, and it now moves for summary judgment on the issue of damages for its breach and intentional-interference claims. By its motion, Plot USA seeks a total damage award of $1,406,362.36, consisting of $17,876.00 in compensatory damages for breach of contract; $347,121.59 in compensatory damages for intentional interference; and three times the tort-damages amount ($1,041,364.77) in punitive damages. Hyakawa's response to the motion consists of a one-and-a-half-page letter questioning Plot USA's damage calculation, along with numerous unauthenticated and unexplained documents whose relevance is largely unapparent. There exist no material factual disputes about Plot USA's requested compensatory damages, and it is entitled to judgment as a matter of law, so I grant in part its motion. But because I conclude that punitive damages are unwarranted in this case, I deny the application. The total amount of damages awarded is thus $364,997.59.

---

[1] "Hyakawa" is also spelled "Hayakawa" in various documents in the docket.

**Discussion**

**I.    Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2]  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[3]  A fact is material if it could affect the outcome of the case.[4]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[5]  So the parties' burdens on an issue at trial are critical. When the movant bears the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[6]  If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[7]

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56.  *See* Fed. R. Civ. P. 56(a).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[4] *Id.* at 249.

[5] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[6] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[7] *Id.*

**II.     Plot USA is entitled to summary judgment on compensatory damages only.**

    **A.     Compensatory damages**

Plot USA provides a detailed breakdown and significant support for its calculation of the damages it sustained as a result of Hyakawa's breach of contract and intentional interference with the company's prospective economic advantage.[8] For its contractual claim, Plot USA establishes in a sworn declaration that it spent $17,876.00 in an effort to recover the company data Hyakawa deleted despite his being contractually prohibited from doing so.[9] This recovery expedition involved the hiring of a forensic computer expert and engagement of Plot USA's parent and subsidiary organizations.[10] As for the tort claim, it presents a declaration and bank records that demonstrate 49 fraudulent transactions totaling $333,021.59 to accounts associated with Hyakawa.[11] In addition, Plot USA includes $14,100.00 to compensate one of its parent company's managers for the 470 hours of work performed to review the records and compile the data relevant to the damage calculations.[12] The damages requested for the intentional-interference claim total $347,121.59.

Hyakawa's responsive filing—improperly styled as a letter to the court[13]—fails to adhere to my September 15, 2021, minute order instructing him on how to properly defend against a summary-judgment motion in accordance with this district's local rules.[14] Although these

---

[8] ECF No. 91.
[9] ECF No. 91-1 at ¶ 8.
[10] *Id.*
[11] *Id.* at ¶ 15; ECF No. 91 at 3–5; ECF No. 91-2; ECF No. 91-3.
[12] ECF No. 91-1 at ¶ 15.
[13] *See* L.R. IA 7-1(b) (requiring all communications with the court to be styled as a motion, stipulation, or notice—not a letter).
[14] ECF No. 94; *see* ECF No. 92.

3

instances of noncompliance would be reason enough to consider Plot USA's motion unopposed, I excuse Hyakawa's filing's procedural deficiencies and consider its merits. In his response, Hyakawa states that he opposes Plot USA's motion and that the damages issue should go to trial because "there is a big misunderstanding in the deposit data of the bank account" and thus the requested amount is "very questionable."[15] He attaches unauthenticated invoices and provides a short description of what they supposedly show but does not explain in any reasonable detail their relevance to the damage calculation.[16] He also provides no specific facts that demonstrate the existence of a material factual dispute necessitating a trial.

The Supreme Court has made clear that a nonmoving party must present sufficient, significant, and probative evidence to survive summary judgment.[17] He cannot rely on questions or "some metaphysical doubt as to the material facts," or build his case "on the gossamer threads of whimsy, speculation, and conjecture."[18] Because Plot USA has met its burden to show that it is entitled to judgment as a matter of law on its compensatory-damages request, and Hyakawa has failed to establish anything close to a triable issue of material fact to defeat it, I grant the summary-judgment motion in part.

### B. Punitive damages

#### 1. Standard for awarding punitive damages

Under Nevada Revised Statute (NRS) 42.005, a defendant may be assessed "exemplary and punitive damages" if the plaintiff (1) succeeds on a cause of action for "breach of an obligation not arising from contract," (2) is awarded compensatory damages for the same, and

---

[15] ECF No. 94 at 1–2.
[16] *Id.* at 3–26.
[17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986).
[18] *Id.* at 586; *Wood v. Safeway, Inc.*, 121 P.3d 1026, 1031 (Nev. 2005) (cleaned up).

4

(3) proves by clear and convincing evidence that the defendant is "guilty of oppression, fraud[,] or malice, express or implied."[19] NRS 42.001 defines oppression as "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of" the person's rights.[20] And malice is "conduct [that] is intended to injure a person or despicable conduct [that] is engaged in with a conscious disregard of the rights or safety of others."[21]

NRS 42.005(3) "requires that the liability determination for punitive damages against a defendant be bifurcated from the assessment of the amount of punitive damages, if any, to be awarded."[22] So once the trier of fact determines that punitive damages should be awarded, it must conduct a "subsequent proceeding" to determine the amount.[23] The statute caps the punitive-damage award at "[t]hree times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more."[24]

The purpose of punitive damages is to make an "example" out of and "punish[]" the defendant,[25] so any punitive-damage award must also comport with both the procedural and substantive requirements of the Fourteenth Amendment's Due Process Clause.[26] The Supreme Court has held that courts must consider "'the degree of reprehensibility of the defendant's conduct' (2) the ratio of the punitive[-]damage award to the 'actual harm inflicted on the

---

[19] Nev. Rev. Stat. § 42.005(1).
[20] *Id.* at § 42.001(4).
[21] *Id.* at § 42.001(3).
[22] *Wyeth v. Rowatt*, 244 P.3d 765, 785 (Nev. 2010) (citing Nev. Rev. Stat. § 42.005(3)).
[23] Nev. Rev. Stat. § 42.005(3).
[24] *Id.* at § 42.005(1)(a).
[25] *Wyeth*, 244 P.3d at 784 (citations omitted).
[26] *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996) ("The Due Process Clause of the Fourteenth Amendment prohibits a state from imposing a grossly excessive punishment on a tortfeasor." (cleaned up)).

5

plaintiff,' and (3) how the punitive[-damage[]] award compares to other civil or criminal penalties 'that could be imposed for comparable misconduct.'"[27]  And "[c]ourts must ensure that the measure of punishment is both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered."[28]

### 2. Plot USA hasn't proven by clear and convincing evidence that Hyakawa is guilty of malice or oppression.

Plot USA seeks the maximum amount of punitive damages it could be awarded under Nevada law—three times the amount of the compensatory damages awarded for its intentional-interference claim.  It makes its application in a two-paragraph section of its summary-judgment motion that contains no citations to the record.  Although Plot USA doesn't mention what showing it's required to make to successfully be awarded punitive damages, the first and second requirements for such an award are easily met: Plot USA has succeeded on a tort claim, and it has been awarded compensatory damages for it.

The same cannot be said for the third, and most central, requirement, which must be proven by clear and convincing evidence.  To be clear and convincing, evidence must "leave no substantial doubt" and amount to "satisfactory, strong, or cogent proof of tangible facts establishing a legitimate inference or a high probability" of truth.[29]  Plot USA contends that Hyakawa's interference with the company's prospective economic advantage was "intentional misconduct by a[] . . . fiduciary" of the company for "his own personal gain," making it

---

[27] *Bongiovi v. Sullivan*, 138 P.3d 433, 452 (Nev. 2006) (quoting *BMW*, 517 U.S. at 575, 580, 583).

[28] *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003)).

[29] *In re Discipline of Drakulich*, 908 P.2d 709, 715 (Nev. 1995).

tantamount to "the very definition of oppressive and malicious conduct."[30] But this conclusory statement is not based on *any* evidence, let alone clear and convincing evidence, that Hyakawa acted with malicious or oppressive intent. Plot USA's recitation of the elements of its intentional-interference claim[31] similarly does not provide the necessary support for a punitive-damage award. Having reviewed the record and my findings in the summary-judgment order, I conclude that, while Hyakawa's actions were intentional and wrong, punitive damages are unwarranted in this case. I thus deny Plot USA's application for them.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Plot USA, Inc.'s motion for summary judgment on damages **[ECF No. 91] is GRANTED as to compensatory damages and DENIED as to punitive damages**. Plot USA is awarded $17,876.00 in compensatory damages for its breach-of-contract claim and $347,121.59 in compensatory damages for its intentional-interference claim, for a **total award of $364,997.59**.

Plaintiff has 10 days to file a notice informing the court how it intends to proceed with any remaining portion of this case.

_____
U.S. District Judge Jennifer A. Dorsey
July 28, 2022

---

[30] ECF No. 91 at 9.

[31] *Id.* at 8–9.