# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Plot USA, Inc.,

    Plaintiff

v.

Takeshi Hayakawa and Yukari Hidaka,

    Defendants

Case No.: 2:18-cv-00922-JAD-EJY

**Order Granting Motion for Default Judgment and Denying as Moot Motion for Rule 54(b) Certification**

[ECF Nos. 98, 99]

Plaintiff Plot USA, Inc., sues its former employee Yukari Hidaka and former officer Takeshi "Sean" Hayakawa for various contract and tort violations. On October 2, 2019, the Clerk of Court entered default against Hidaka.[1] I granted Plot USA's motion for summary judgment as to compensatory damages against Hayakawa on July 28, 2022.[2] Plot USA now moves for default judgment against Hidaka.[3] While that motion was pending, Plot USA also filed a motion to certify my grant of summary judgment against Hayakawa under Federal Rule of Civil Procedure 54(b).[4] Because I find that Plot USA has met its burden to show that default judgment against Hidaka is warranted, I grant its motion and enter final judgment in Plot USA's favor. So I also deny as moot Plot USA's motion for Rule 54(b) certification.

## Background

Plot USA employed Hayakawa as its Vice President and Director of United States operations and Hidaka as an accountant until their employment was terminated in May 2017.[5]

---

[1] ECF No. 63.
[2] ECF No. 96.
[3] ECF No. 98.
[4] ECF No. 99.
[5] ECF No. 40 at ¶¶ 8, 18, 19, 25.

Plot USA alleges that Hayakawa and Hidaka destroyed physical records and data from Plot USA computers and databases, sold merchandise and equipment without authorization, sent misappropriated merchandise to customers, and infringed on its intellectual property.[6] Hidaka has failed to appear in these proceedings since Plot USA filed its first complaint in 2018,[7] and default was entered against her on October 2, 2019.[8]  In February 2021, I granted summary judgment against Hayakawa on Plot USA's claims for breach of contract and intentional interference of prospective economic advantage.[9]  After Plot USA voluntarily dismissed its remaining claims,[10] I granted its motion for summary judgment against Hayakawa as to compensatory damages but denied its motion as to punitive damages.[11]  Plot USA now seeks default judgment against Hidaka for joint-and-several compensatory damages based on the same factual and legal determinations I made in granting summary judgment against Hayakawa.[12]

## Discussion

### I. Default-judgment standard

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain a default judgment after the clerk enters default based on a defendant's failure to defend.  After default, the complaint's factual allegations are taken as true, except those relating to damages.[13]  A default

---

[6] Id. at ¶ ¶ 26–31.
[7] ECF No. 1-2 (complaint).
[8] ECF No. 63.
[9] ECF No. 74.
[10] ECF No. 75; ECF No. 76.
[11] ECF No. 96.
[12] ECF No. 98.
[13] *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

2

judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.[14] Whether to grant a motion for default judgment lies within the trial court's discretion,[15] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[16]

## II. Evaluating the *Eitel* factors

### A. Prejudice to Plot USA, possibility of dispute over material facts, and Hidaka's excusable neglect

The first, fifth, and sixth *Eitel* factors consider whether Plot USA will suffer prejudice if a default judgment is not entered, whether disputes regarding material facts could arise, and whether Hidaka's default may have resulted from excusable neglect.[17] The first *Eitel* factor weighs in favor of default judgment because Plot USA would otherwise likely be without other recourse or recovery. Hidaka has failed to defend or appear in any proceedings since Plot USA filed its complaint.[18] Absent entry of default judgment, Plot USA will suffer prejudice because it will have no other means to litigate its claim against her. The fifth *Eitel* factor weighs in Plot USA's favor because it adequately alleged and supported its breach-of-contract and intentional-

---

[14] *See* Fed. R. Civ. P. 55(c).
[15] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
[16] *Id.* at 1471–72.
[17] *Id.*
[18] ECF No. 1 (petition for removal).

interference claims, and Hidaka has failed to appear or otherwise respond. Because the facts in the complaint are now deemed true, no factual disputes exist that would preclude the entry of default judgment against Hidaka. Under the sixth *Eitel* factor, I consider whether Hidaka's default may have resulted from excusable neglect. As there is nothing in the record that suggests that Hidaka's failure to participate was the result of excusable neglect, this factor, too, favors granting default judgment.

### B. Substantive merits and sufficiency of Plot USA's claims

The second and third *Eitel* factors require Plot USA to demonstrate that it has stated a claim on which it may recover.[19] Plot USA's active claims against Hidaka include claims for breach of contract and for intentional interference with prospective economic advantage.[20] Plot USA satisfies all elements of its breach-of-contract claim and intentional-interference claims against Hidaka, so these factors weigh in favor of granting default judgment.[21]

The elements of a breach-of-contract claim in Nevada are: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach.[22] In its amended complaint, Plot USA alleges that Hidaka entered into a valid and enforceable

---

[19] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[20] After I granted summary judgment against Hayakawa on these two claims, Plot USA voluntarily dismissed its other claims. *See* ECF No. 76 ("Plaintiff hereby voluntarily dismisses its remaining claims, and trial will be limited to proving up all allowable civil damages . . . ."). Though Plot USA does not specify that it dismissed those remaining claims against both Hayakawa and Hidaka, I interpret its dismissal to do so because its motion seeks default judgment "based on the same factual and legal determinations the Court made in granting [s]ummary [j]udgment against Hayakawa." ECF No. 98 (motion for default judgment).

[21] Plot USA also proved these same two claims on summary judgment against Hayakawa because Hayakawa failed to respond to requests for admission and was thus deemed to have admitted the material facts. ECF No. 74.

[22] *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (citation omitted); *see also Richardson v. Jones*, 1 Nev. 405, 408 (1865).

4

employment contract with it and that Hidaka breached that contract by misusing and destroying Plot USA's property and by violating its policies and procedures.[23]  Hidaka's failure to appear has made it impossible for her to refute this evidence, so I take Plot USA's well-pled allegations as true and find that Plot USA has established a meritorious breach-of-contract claim.

To establish a claim for intentional interference with a prospective business advantage, a plaintiff must prove: (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct.[24]  Plot USA alleges that Hidaka was involved in selling its merchandise, equipment, products, and inventory without recording those sales in Plot USA's books and retaining the proceeds for her personal use without authorization.[25]  Again, because Hidaka has failed to appear and contest this evidence, I take Plot USA's well-pled allegations as true and find that it has established a meritorious claim for interference with a prospective business advantage.  So the second and third *Eitel* factors weigh in favor of granting default judgment.

### C.   Sum of money at stake in the action

The fourth *Eitel* factor requires me to consider "the amount of money at stake in relation to the seriousness of [Hidaka's] conduct."[26]  "If the sum of money at stake is completely

---

[23] ECF No. 40 at 4–7.

[24] *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1121, 1225 (Nev. 1987).

[25] ECF No. 40 at ¶ 28.

[26] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *PepsiCo. Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (upholding district court's examination of damages, which involved a determination of whether plaintiff "only

disproportionate or inappropriate, default judgment is disfavored."[27]  Plot USA seeks from Hidaka compensatory damages, jointly and severally with Hayakawa, of $364,997.59—the amount that I previously held was due Plot USA for its breach-of-contract and intentional-interference claims against Hayakawa.[28]  This amount directly reflects Plot USA's detailed breakdown of costs sustained due to Hayakawa and Hidaka's tort and contract violations, which include costs of data recovery, hiring forensic computer experts, working with Plot USA's parent and subsidiary organizations, and conducting records reviews, as well as the monetary loss from 49 fraudulent transactions.[29]  I find that the amount of damages that Plot USA requests is not completely disproportionate or inappropriate under the circumstances, so this factor weighs in favor of default judgment.

### D. Strong policy favoring decisions on the merits

Under the seventh and final *Eitel* factor, "[c]ases should be decided upon their merits whenever reasonably possible."[30]  Because Hidaka has failed to appear, it is not possible to decide this case on its merits.  So this factor weighs in favor of granting default judgment.  And because every *Eitel* factor weighs in favor of Plot USA, I grant its motion for default judgment against Hidaka.

---

seeks contractual damages directly proportional to [defendant's] breach of the contracts") (internal quotation marks and citation omitted).

[27] *Twentieth Century Fox*, 438 F. Supp. 2d at 1071.

[28] ECF No. 96 (order granting Plot USA's motion for summary judgment as to compensatory damages).

[29] ECF No. 91; ECF No. 91-1; ECF No. 91-2; ECF No. 91-3; ECF No. 96 at 3.

[30] *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

**Conclusion**

IT IS THEREFORE ORDERED that Plot USA's motion for default judgment **[ECF No. 98] is GRANTED**.

IT IS FURTHER ORDERED that the Motion for Rule 54(b) certification **[ECF No. 99] is DENIED as moot**. The **Clerk of Court** is directed to **ENTER JUDGMENT** in favor of Plot USA, Inc., against Yukari Hidaka and Takeshi Hayakawa, jointly and severally, in the total amount of $364,997.59 and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 21, 2022